Justin Cilenti, Esq.
Peter Hans Cooper, Esq.
CILENTI & COOPER, PLLC
200 Park Avenue – 17th Floor
New York, NY 10166
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANTIAGO PABLO CHOPEN, *on behalf of himself, and other similarly situated employees*, <br><br> Plaintiff, <br><br> -against- <br><br> LUCK THAI BROOKLYN, INC., *doing business as* LUCK THAI RESTAURANT, and THANITA SAIWANIT, *individually*, <br><br> Defendants. | Case No.: 21 CV 4877 <br><br> **FLSA COLLECTIVE ACTION COMPLAINT** <br><br> ECF Case <br><br> Jury Trial Demand |

Plaintiff, Santiago Pablo Chopen ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, respectfully files this Complaint against Defendants, Luck Thai Brooklyn Inc., *dba* Luck Thai Restaurant, located at 386 Fifth Avenue, Brooklyn, New York 11215 (herein, "Luck Thai Restaurant"); or any other predecessor or successor business entity doing business as Luck Thai Restaurant, located at 386 Fifth Avenue, Brooklyn, New York 11215; and Thanita Saiwanit, individually (all defendants herein collectively referred to as the "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid

wages, minimum wages, and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) unpaid "spread of hours" premiums for each day he worked more than ten (10) hours; (3) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and, 1337, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391, because the conduct making up the basis of the complaint took place in this judicial district.

### THE PARTIES

*THE PLAINTIFF*

5. Plaintiff is an adult resident of Kings County, in the City and State of New York.

*THE DEFENDANTS*

6. At relevant times, Defendant, Luck Thai Brooklyn, Inc., was and is a domestic business entity organized and existing under the laws of the State of New York, doing business as Luck Thai Restaurant, at 386 Fifth Avenue, Brooklyn, New York 11215.

7. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

8. Defendant Thanita Saiwanit, is an owner, shareholder, officer, director, supervisor, and/or managing agent, of the corporate defendant Luck Thai Brooklyn, Inc., who actively participated, and continues to participate in the day-to-day operations of the corporate defendant, and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendant.

9. The individual defendant Thanita Saiwanit exercised control over the terms and conditions of Plaintiff's employment in that she had and has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of the employees' employment.

10. Defendant, Thanita Saiwanit is the restaurant's owner; she creates and implements crucial business policies, including supervising the Plaintiff and other employee's work schedule and also determines the method and manner by which the employees are to be paid.

11. Defendant Thanita Saiwanit directly paid the Plaintiff most weeks, during his employment.

12. Defendants, Thanita Saiwanit, exercised sufficient control over Luck Thai Restaurant's day-to-day operations as to be considered an employer of Plaintiff and those similarly situated under the FLSA and New York Labor Law.

13. Upon information and belief, at all times relevant to the allegations in this Complaint, the defendant, Luck Thai Brooklyn, Inc., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees

engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

14. At all relevant times, Luck Thai Brooklyn, Inc. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At relevant times, Defendant Luck Thai Brooklyn, Inc. has had an annual gross volume of sales in excess of $500,000.

16. Defendants employed Plaintiff in Kings County, New York, to work as non-exempt general helper, food preparer, dishwasher, cleaner, and delivery person.

17. The work performed by Plaintiff was directly essential to the restaurant operated by Defendants.

18. At relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

19. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

20. Plaintiff was not paid hourly and, at all relevant times, when he worked a spread in excess of ten (10) hours, Defendants knowingly and willfully failed to pay him lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

## STATEMENT OF FACTS

21. Plaintiff, Santiago Pablo Chopen, was employed by Defendants in Kings County, New York, as a food preparer, dishwasher, cleaner, and delivery person at Defendants' Thai restaurant known as "Luck Thai", continuously from in or about June 2015 through August 18, 2021.

22. During his employment, Plaintiff Santiago Pablo Chopen worked over forty (40) hours per week. Plaintiff Santiago Pablo Chopen generally worked six (6) days a week, and his work shift consisted of approximately twelve (12) hours per day; he worked a total of approximately seventy-two (72) hours per week.

23. Plaintiff worked in excess of ten (10) hours per shift.

24. Plaintiff's normal/usual schedule was:

| | |
|---|---|
| Sundays | 11:00 a.m. – 10:00 p.m. |
| Mondays | 11:00 a.m. – 11:00 p.m. |
| Tuesdays | 11:00 a.m. – 11:00 p.m. |
| Wednesdays | off |
| Thursdays | 11:00 a.m. – 11:00 p.m. |
| Fridays | 11:00 a.m. – 12:00 a.m. |
| Saturdays | 11:00 a.m. – 12:00 a.m. |

Total working hours:   +/- 72 per week

25. Plaintiff was not paid wages for all hours worked, minimum wages, or overtime compensation. Plaintiff was paid a daily salary of seventy dollars ($70.00) during the first three (3) years of his employment; in approximately 2018 his compensation was increased to eighty dollars ($80.00) per day.

26. In or around March 2020, the restaurant closed during approximately two (2) months due to the Covid-19 pandemic and thereafter, Plaintiff returned to work, five (5) days per week.

27. Plaintiff was told that he would be paid a daily salary; his pay was not based upon working hours and did not vary when he was required to stay longer than his usual schedule; Plaintiff stayed at the restaurant after close, to clean.

28. Throughout his employment Plaintiff was paid a salary for his daily working hours, and was not paid an hourly wage or an overtime premium when he worked more than forty (40) hours per week, which was every week he worked. Plaintiff was paid by check.

29. Work performed above forty (40) hours per week was not paid at time and one-half Plaintiff's regular rate of pay as required by state and federal law.

30. Plaintiff Santiago Pablo Chopen was not provided with a true and accurate wage statement, detailing his hours worked, his hourly rate of pay, the basis for his compensation, itemizing any withholdings, and setting forth his net pay. He was required to sign a ledger for his pay; he was not given any accounting of his hours and pay. His weekly check included his wages and tips collected by the restaurant for delivers he performed.

31. Plaintiff was never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit".

32. At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, and other similarly situated employees, for work performed over forty (40) hours in a workweek.

33. Plaintiff was paid by check but not provided with a wage statement.

34. Plaintiff was not paid for all hours worked.

35. Defendants were not and are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to all tipped employees, including Plaintiff, that Defendants were taking a "tip credit" in violation of the FLSA and New York Labor Law, and (ii) failed to pay tipped employees, including Plaintiff, the proper minimum wages afforded to tipped employees, and (iii) failed to provide proper wage statements informing tipped employees, including Plaintiff, of the amount of "tip credit" taken for each payment period, and (iv) caused tipped employees, including Plaintiff, to engage in non-tipped duties, which exceeded 20% of their working hours each workday.

36. Because his employers did not keep track of Plaintiff's start and end times on a daily basis, records maintained by the Defendants regarding the hours and pay of Plaintiff may be inaccurate or false.

37. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff wages for all hours worked; minimum wages; or overtime (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

38. Plaintiff was paid by check, and he worked directly for the corporate and individual Defendants.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

39. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "38" of this Complaint as if fully set forth herein.

40. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

42. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

43. Plaintiff worked hours for which they he was not paid any wages.

44. At all relevant times, Defendants had a policy and practice of refusing to pay wages to Plaintiff for some of the hours he worked.

45. Plaintiff was entitled to be paid at the rate of time and one-half the minimum rate (or his regular rate of pay, when higher) for all hours worked in excess of forty (40) each workweek.

46. The Defendants failed to pay Plaintiff wages for all hours worked, minimum wages, and overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

47. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

48. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half, for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiff.

49. The Defendants have failed to make, keep and preserve accurate records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

50. Records concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff prepared in the course of litigation may be false. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

51. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

52. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

53. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

54. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "53" of this Complaint as if fully set forth herein.

55. At all relevant times Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

56. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him wages for all hours worked, and minimum wages in the lawful amount for all hours worked.

57. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times the minimum rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

58. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums for each day he worked more than ten (10) hours pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

59. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid minimum wages; unpaid overtime wages; unpaid "spread of hours" premiums; damages for unreasonably delayed payment of wages; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

60. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "59" of this Complaint as if fully set forth herein.

61. Upon information and belief, Defendant's record keeping practices were intended to, and did in fact, disguise the actual number of hours the employee worked, in order to avoid paying for Plaintiff and other similarly situated employees, for their full hours worked; and, any overtime due.

62. Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

63. Plaintiff was not provided with a proper, written wage notice, as required by law.

64. Plaintiff was not provided with true and accurate weekly wage statements as required by law.

65. Defendants' failure to provide an accurate annual wage notice entitles plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

66. Defendants' failure to provide a weekly wage statement entitles each plaintiff to statutory damaged in the amount of two hundred fifty dollars ($250.00) for each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

67. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, on behalf of himself and all similarly situated collective action members, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful and in violation of Plaintiff's rights under the FLSA and New York Labor Law;

(b) An award of unpaid wages, minimum wages, and overtime due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(d) An award of statutory damages for failure to provide wage notices and wage statements, pursuant to the New York State Wage Theft Prevention Act;

(e) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(f) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(h) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues.

Dated: New York, New York
August 30, 2021

Respectfully submitted,

CILENTI & COOPER, PLLC
**Counsel for Plaintiff**
200 Park Avenue - 17th Floor
New York, NY 10166
Telephone  (212) 209-3933
Facsimile  (212) 209-7102
E-mail:  pcooper@jcpclaw.com

By: _____
Peter Hans Cooper  (PHC 4714)

**NOTICE OF INTENTION TO ENFORCE MEMBER
LIABILITY FOR SERVICES RENDERED**

To:   Thanita Saiwanit

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that plaintiff Santiago Pablo Chopen intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Luck Thai Brooklyn, Inc., dba Luck Thai Restaurant, for all debts, wages and / or salaries due and owing to him as laborer, servant, and / or employee of said corporatio, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as their attorney, to make this demand on his behalf.

Dated: New York, New York
       August 30, 2021

                                        Respectfully submitted,

                               By:      _____
                                        Peter H. Cooper (PHC 4714)
                                        CILENTI & COOPER, PLLC
                                        **Attorneys for Plaintiff**
                                        200 Park Avenue - 17th Floor
                                        New York, NY 10166
                                        Telephone  (212) 209-3933
                                        Facsimile (212) 209-7102
                                        E-mail: pcooper@jcpclaw.com

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, __Santiago Pablo Chopen__, am an employee currently or formerly employed by __Luck Thai__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__August 30__, 2021

_____