# CILENTI & COOPER, PLLC

### ATTORNEYS AT LAW

60 East 42nd Street - 40th Floor
New York, New York 10165

_____

Telephone (212) 209-3933
Facsimile (212) 209-7102

**REQUEST FOR APPROVAL
OF AN FLSA SETTLEMENT**

October 19, 2022

**<u>VIA ECF</u>**

The Honorable Ramon E. Reyes, Jr., U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> *Re:* *Santiago Pablo Chopen v. Luck Thai Brooklyn, et. al.*
> *<u>EDNY Case No.: 21 Civ. 4877 (RER)</u>*

Dear Judge Reyes,

We are counsel for the plaintiff in the above-referenced action. We write jointly with counsel for defendants and with reference to the court's order to submit a motion for approval of the parties' settlement reached with the assistance of Your Honor to report that the parties have executed a settlement agreement memorializing the terms of their settlement, and now request that the settlement be approved. The parties consented to this court's jurisdiction for all purposes. [Docket 27]

As plaintiff's action and claims arise under the Fair Labor Standards Act, 29 USC § 216(b) ("FLSA"), the Parties' settlement must be approved by this Court. *See*, *Cheeks v. Freeport Pancake House, Inc.*, 2015 WL 4664283 (2d Cir. Aug. 7, 2015).

The Fair Labor Standards Act expressly prohibits settlement of any right to unpaid minimum wages or unpaid overtime claims by employees, made pursuant to 29 USC §§ 206-07, without the supervision of the Secretary of Labor. 29 USC §216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA"]). Courts have allowed an additional exception to FLSA's restriction on settlement to include judicially-supervised stipulated settlements. *See Manning v. New York Univ.*, 2001 WL 963982, *12-13 (SDNY 2001)(*citing D.A. Schulte, Inc., v. Gangi*, 328 US 108, 113 n.8 (1946) and *Lynn's Food Stores, Inc. v. United States ex. Rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982). *Simel v. JP Morgan Chase*, 2007 WL 809689

(S.D.N.Y. 2007). *See also Sampaio v. Boulder Rock Creek Developers, Inc.,* 2007 WL 5209390 (E.D.N.Y. 2007); *Medley v. Am. Cancer Soc.,* 2010 WL 3000028 (S.D.N.Y. 2010) (Jones, Barbara S.)(approving settlement); *Mendez v. Nooch, Inc.,* 2009 WL 666771 (S.D.N.Y. 2009) (Mag. Ellis, Ronald L.) (Individual action).

The Parties have executed a written settlement agreement (the "Settlement Agreement"), a copy of which is annexed as Exhibit "A", and jointly ask the Court to approve the settlement and dismiss the case with prejudice, retaining jurisdiction to enforce the terms of the settlement.

There is one plaintiff; he did not move for a collective action. The parties participated in mediation and in settlement discussions facilitated by the court during extensive sessions.

Plaintiff worked at defendants' Thai restaurant in Brooklyn. His compensation was based on a daily rate, as opposed to an hourly rate of pay. The case was complicated by the sale of the restaurant to a buyer who was on notice of the claim but naturally denied responsibility for the prior owner's alleged wage and hour violations.

The parties exchanged calculations with each other and with the court. With this court's assistance the parties resolved the case for $75,000 to be paid in twelve (12) equal installments. The court had the unique opportunity to assess the fairness of the negotiated result in connection with its *ex parte* and joint sessions with the parties and counsel.

Of the total settlement, counsel for plaintiff states that plaintiff will receive two-thirds; and counsel will receive one-third (1/3), after reimbursement for the filing of the complaint ($400); the Eastern District Mediation Program fee to the mediator ($300.00); process servers ($165) and investigation ($1,750). Invoices are provided with this letter as Exhibit "B", and all other expenses are waived.

In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc*., 2008 WL 724155 at *1 (E.D.N.Y. 2008) (*quoting Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

This settlement was reached as a result of arm's length negotiations between counsel who complied with the court's order for early exchange of positions and information and multiple meetings between opposing counsel, a full day virtual meeting with principals and the mediator, and multiple meetings thereafter and culminated with the court's in-person mediation session last month.

Indeed, counsel in this case are known to the court as versed in the prosecution and defense of wage and hour collective actions and the case settled only after multiple attempts with a mediator and the court in which the parties participated with their counsel.

Considering the risks to plaintiff and the amount in dispute, we respectfully submit that this settlement is fair and reasonable under every common application of the *Cheeks* analysis.

Attorneys' fees in FLSA settlements are also examined, to ensure that the interests of plaintiff's counsel did not adversely affect the extent of the relief counsel procured for the client. *Wolinsky v. Scholastic*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012). Had litigation continued, the award of fees would have been necessarily substantially higher but plaintiff may not have fared better in the end. Moreover, counsel, like the plaintiff, risk obtaining a large but uncollectable judgment for an uninsured claim against a relatively small business. As such, counsel respectfully submits that settlement is in the best interests of the parties, and moreover, the settlement does not favor plaintiff's counsel over plaintiff himself. The attorneys' fees proposed are consistent with the retainer agreement between plaintiff and the firm. Recognizing the "significant risks" undertaken by attorneys who work on contingency, the New York State Court of Appeals has upheld such agreements of one-third or higher. *See*, *In re Lawrence*, 2014 WL 5430622 (NY October 28, 2014). *See also*, *Sukhnandan Royal Healthcare of Long Island*, 2014 U.S. Dist. LEXIS 105596, *27 (S.D.N.Y. 2014) (without contingency agreements, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk.); *Sand v. Greenberg*, 2010 U.S. Dist. LEXIS 1120, *9 (S.D.N.Y. 2010) (the New York Labor Law is a remedial statute, the purpose of which is served by adequately compensating attorneys who protect wage and hour rights.") Cilenti & Cooper, PLLC has not received any remuneration for its time, or reimbursement of its expenses.

We respectfully request that this Court approve the Settlement Agreement of the parties, and dismiss the instant action with prejudice. A proposed order of dismissal is attached hereto as Exhibit "C".

For all of the foregoing reasons we jointly, and respectfully, ask the court to approve the settlement and dismiss the case, retaining jurisdiction during the proposed payment period, for the unlikely event of a dispute arising in connection with the settlement.

On behalf of all parties, we thank the court for its consideration of this matter.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| /s/ Peter Hans Cooper | /s/ David S. Halsband |
| Peter H. Cooper, Esq.<br>Attorney for Plaintiff | David S. Halsband, Esq.<br>Attorney for Defendants<br>Luck Thai Brooklyn, Inc.<br>and Thanita Saiwanit |
| Respectfully submitted, | |
| /s/ Alexander M. Dudelson | |
| Alexander M. Dudelson, Esq.<br>Attorney for Defendant<br>Srianan, Inc. | |